UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYCLIFFE M. MASITTA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-354 |
| | § | |
| LABOR MAX STAFFING, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant's Motion to Dismiss for Want of Prosecution. (D.E. 18). For the reasons stated below, it is respectfully recommended that this Motion be **GRANTED** and this case be **DISMISSED**.

Plaintiff Wycliffe Masitta filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, on March 30, 2015, asserting Defendant Labor Max Staffing discriminated against him by unlawfully terminating his employment because of his race. (D.E. 1). On November 6, 2014, Defendant filed an answer denying the allegations. (D.E. 8). On November 10, 2014, a hearing was set for November 24, 2014 before the undersigned. Plaintiff failed to appear. (D.E. 9). A scheduling order was entered on November 24, 2014, setting the discovery deadline for March 2, 2015 and the dispositive motion deadline for April 6, 2014. In the scheduling order, Plaintiff was advised that failure to attend court settings, meet filing

deadlines or otherwise comply with the Federal Rules of Civil Procedure may result in his case being dismissed. (D.E. 10).

On December 8, 2014, Plaintiff filed a Motion to Postpone the action along with a Notice of Change of Address. (D.E. 11). Plaintiff stated he was incarcerated and requested the action be postponed until his release, which was as of yet undetermined. Plaintiff further filed documents indicating he would be removed from the United States to Kenya. (D.E. 12). It appears Plaintiff returned to Kenya shortly after filing the motion as Plaintiff lists his forwarding address in Kenya and the court forms indicate he was to be removed. (D.E. 12, Page 3). On January 6, 2015, Plaintiff's Motion to Postpone was denied and Plaintiff was ordered to comply with the November 24, 2014 scheduling order. (D.E. 13). Plaintiff was again warned that if he failed to comply with orders of the Court, his action may be dismissed. (D.E. 13, Page 1). The Clerk of Court was further directed to electronically serve the order to Plaintiff at the multiple email addresses he provided. (D.E. 13, Page 2). Further, Plaintiff was ordered to notify the Court no later than February 6, 2015 of a single email address to receive future electronic notifications in this matter. To date, Plaintiff has not done so. On January 16, 2015, the hard copy of the January 6, 2015 order mailed to the Plaintiff at the institution where he stated he was incarcerated was returned as undeliverable indicating Plaintiff had been released. (D.E. 14).

On May 5, 2015, a telephonic hearing was set for May 22, 2015 before the undersigned. Plaintiff failed to appear. (D.E. 9). Defendant was ordered to make a diligent effort to find Plaintiff and to file a motion to dismiss for failure to prosecute in

thirty (30) days if Plaintiff was not located. On July 24, 2015, Defendant filed the pending Motion to Dismiss for Want of Prosecution indicating Plaintiff could not be located. (D.E. 18).

Plaintiff has failed to participate in this litigation for over seven months, failing to comply with numerous orders. Therefore, it is respectfully recommended that Defendant's Motion to Dismiss be **GRANTED** (D.E. 18) and Plaintiff's case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)(holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

Respectfully submitted this 31st day of July, 2015.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).